IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BPS DIRECT, LLC, AND CABELA'S, LLC, WIRETAPPING | : MDL 3074 <br> : <br> : <br> : E.D.Pa. ACTION NOS.: <br> : 23-md-3074 <br> : 22-cv-4709 <br> : 23-cv-2282 <br> : 23-cv-2287 <br> : 23-cv-2293 <br> : 23-cv-2294 <br> : 23-cv-2295 <br> : 23-cv-2306 <br> : 23-cv-2338 <br> : 23-cv-4008 |

## ORDER

**AND NOW**, this 26th day of October 2023, following yesterday's extensive oral argument where counsel thoughtfully addressed standing for each named Plaintiff and substantive issues arising in part from the statutory arguments in *Irvin v. Cabela's LLC, et al* (No. 23-4008), having reviewed Defendants' Motion to Dismiss (ECF No. 54-1), Plaintiffs' Opposition (ECF No. 56), and Defendants' Reply (ECF No. 57), finding our continuing review raises questions for which timely guidance from the parties may assist our analysis before possibly requiring additional oral argument, it is **ORDERED** we grant lead counsel for the MDL Plaintiffs (not Mr. Irvin's counsel unless he envisions presenting an argument unique to his claims beyond the argument presented by other Plaintiffs) and Defendants' counsel leave to file supplemental Memoranda advising as to counsel's availability for a continued virtual oral argument on November 14 or 15 if we find it necessary and addressing the issues below (to the extent the issue applies to their clients) through positions not exceeding one double-spaced page (size 12 font) per issue by no later than **November 2, 2023** supplementing (not repeating) their present arguments, with leave to file a response to an

opposing position filed no later than **November 7, 2023**:

1. Whether Website Users sufficiently alleged facts to establish Defendants accessed Website Users' computers without authority under 18 U.S.C. § 1030(a) with their best supporting authority;

2. As to the wiretap claims under the federal, California, and Missouri laws, Website Users provide support for their argument the party status and consent exceptions do not apply and clarify whether Defendants are parties to the communications at issue;

3. As to the wiretap claims under the federal and Missouri laws, Website Users respond to Defendants' arguments and cited case law in support of their position Website Users fail to allege a criminal or tortious purpose (ECF No. 54-1 at 19-22, ECF No. 57 at 15-16);

4. As to the wiretap claims under the federal and Missouri laws, provide your best authority as to how we should consider applying the "criminal or tortious purpose" exception;

5. As to the wiretap claims under the Maryland and Massachusetts laws, describe whether and to what extent our analysis differs given the definitions of "contents" under each State's law;

6. As to the wiretap claims under the federal, California, and Maryland laws, provide your strongest authority as to whether Website Users allege a contemporaneous interception;

7. As to the wiretap claims under the Maryland, Massachusetts, and Pennsylvania laws, provide your strongest authority as to whether session replay software is a "device";

8. As to the invasion of privacy claims, Website Users shall address the impact, if any, of *Kurowski v. Rush System for Health*, No. 22-5380, 2023 WL 2349606 (N.D. Ill. Mar. 3, 2023) and respond to Defendants' arguments (ECF No. 54-1 at 37, ECF No. 57 at 21);

9. As to the claim under California Unfair Competition Law, Website Users shall address the impact, if any, of *Moore v. Centrelake Medical Group*, 83 Cal. App. 5th 515 (Cal. App. Ct. 2022) on their standing arguments and respond to Defendants' arguments (ECF No. 54-1 at 44-45, ECF No. 57 at 23); and,

10. As to Plaintiff Tucker's claim under the Missouri Merchandising Practices Act, Website Users shall provide support for their argument the Act is not limited to consumers who make purchases in the marketplace.

KEARNEY, J.